# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

KYLE JOSEPH MUNDY,                    )
                                      )
                Plaintiff,            )
                                      )
        v.                            )
                                      )   C.A. No. N11C-09-102 JAP
DELAWARE GOLF & TRAVEL,               )
LLC, DBA A LIMITED LIABILITY          )
COMPANY AND GOLD                      )
PARTNERS, LTD, A DELAWARE             )
CORPORATION,                          )
                                      )
                Defendants.           )


February 17, 2016


On Defendants' Delaware Golf & Travel, LLC, et al. Motion for New Trial.
**DENIED.**


## ORDER


Vincent J.X. Hendrick, II, Esquire, and Beverly L. Bove, Esquire, Beverly L. Bove, Attorney at Law, 1020 West 10th Street, Wilmington, Delaware, 19899. Attorneys for Plaintiff.

Nicholas E. Skiles, Esquire, Matthew M. Warren, Esquire, Schwartz Campbell LLC, 300 Delaware Avenue, Suite 1410, Wilmington, Delaware, 19899. Attorneys for Defendant.


**Scott, J.**

## Introduction

Before the Court is Defendants' Delaware Golf & Travel, LLC, et al. ("Defendants") Motion for New Trial, based on an alleged error of law during trial. The Court has reviewed the parties' submissions. For the following reasons, Defendants' Motion for New Trial is **DENIED**.

## Background

At trial, Plaintiff's counsel cross examined Michael Rose, the principal and owner of The Gold Club, concerning his hiring and retention of security who worked the night that Plaintiff was shot, including the hiring of David Carter. During the cross examination, Mr. Rose was asked if he knew that Mr. Carter had been convicted of a felony. Defense counsel objected on the basis that there was no indication that Mr. Rose hired Mr. Carter, and that the felony conviction was "not being used to impeach Mr. Carter, [but] used to impeach Mr. Rose, who did not hire him."[1] Defense counsel further asserted that the testimony was prejudicial, and was not relied upon by Plaintiff's expert.[2] Finally, defense counsel argued that there is "nothing in here to indicate Mr. Carter was, you know, was particularly violent, nor is there anything in here to indicate what happened."[3] Based on the sidebar discussion, the Court found the testimony relevant and overruled defense counsel's objection.

---

[1] September 29, 2015 Trial Transcript Excerpts at 2-3.
[2] *Id*. at 4.
[3] *Id*. at 5.

After Mr. Rose's cross examination, defense counsel raised a new objection regarding whether Mr. Carter's felony conviction was accurate, and requesting a certified copy of the criminal disposition. Defense counsel admitted that he had not raised the objection at sidebar on the issue.[4] The Court provided defense counsel the opportunity to submit a legal memorandum explaining why defense counsel had not waived this objection because it was not raised at sidebar at the time of Mr. Rose's cross examination. The following morning, defense counsel confirmed his withdrawal of the objection regarding the accuracy of the felony conviction, as the document regarding the conviction was not entered into evidence.[5]

At the conclusion of trial, the jury found in favor of Plaintiff. Subsequently, Defendant filed this Motion for New Trial, on the basis that Defendant was unduly prejudiced by the introduction of the inaccurate conviction, and further that the conviction was inadmissible under Delaware Rules of Evidence Rule 609.

### Standard of Review

Superior Court Civil Rule 59(a) states in pertinent part, "[a] new trial may be granted as to all or any of the parties and on all or part of the issues in the action in which there has been a trial for any of the reasons for which new trials have

---

[4] *Id*. at12.
[5] *Id*. at 16-17.

heretofore been granted in the Superior Court."[6] Motions made pursuant to Superior Civil Rule 59(a) may be granted or denied at the Court's discretion. Where the basis of the motion for new trial is an error of law, the moving party must demonstrate that the alleged error caused sufficient prejudice to warrant a new trial.[7] Moreover, the Court may only grant a new trial if the grounds were asserted during the preceding trial.[8]

## Discussion

Defendants' first basis for this motion is that Plaintiff's representations of Mr. Carter's felony conviction to the jury were inaccurate. This argument fails, however, because Defendant has withdrawn and waived its objection on this basis.[9] Moreover, the record has shown that those representations were, in fact, accurate.

Furthermore, Defendants' argument that admission of Mr. Carter's felony conviction at trial was improper under D.R.E. 609 fails because the Court did not err as a matter of law. Defense counsel did not specifically raise Rule 609 as his original objection to the felony conviction; the substance of his argument revolved around its admissibility for impeachment purposes and whether it was proper cross examination for Mr. Rose. The Court finds Rule 609 is not applicable or relevant

---

[6] Superior Court Civil Rule 59(a).

[7] *See generally*, *Gallo v. Buccini/Pollin Group*, 2008 WL 836020 *6-7 (Del. Super. Mar. 8, 2008).

[8] *State v. Sierra*, 2012 WL 3893532 (Del. Super. Sept. 6, 2012); *State v. Ruiz*, 2002 WL 1265533 (Del. Super. June 4, 2002).

[9] *See Id.*

to this issue because Mr. Carter's prior felony conviction was introduced during Mr. Rose's cross examination for a non-character purpose.[10]

Evidence was presented at trial that Mr. Rose was the owner of The Gold Club, and involved with its day-to-day operations. Additionally, evidence was presented that Mr. Carter, a bouncer at The Gold Club at the time Plaintiff was shot, was both working and involved in the incident that lead to the shooting. As such, Mr. Rose's knowledge, or lack thereof, of an employee's prior felony convictions before hiring him was relevant and admissible non-character evidence in this case.[11] Thus, the Court finds that it did not err as a matter of law in allowing the introduction of Mr. Carter's felony conviction during Mr. Rose's cross examination. Accordingly, Defendants' arguments on this motion for new trial are meritless and it has failed to demonstrate any prejudice.

## Conclusion

For the foregoing reasons, Defendants' Delaware Golf & Travel, LLC, *et al.* Motion for New Trial is **DENIED**.

**IT IS SO ORDERED.**

/s/ Calvin L. Scott
**Judge Calvin L. Scott, Jr.**

---

[10] *See* D.R.E. 609.
[11] *See* D.R.E. 401; D.R.E. 609.

5